UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

GREGORY W. SHAFFER,
                    Appellant,

            v.

DEPARTMENT OF JUSTICE,
                    Agency.

DOCKET NUMBER
DA-0752-15-0466-I-2

DATE: April 25, 2023

THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lawrence Berger, Esquire, Glen Cove, New York, for the appellant.

Amy Armstrong, Esquire, Washington, D.C., for the agency.

BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

FINAL ORDER

¶1        The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    In an initial decision dated March 8, 2017, the administrative judge affirmed the appellant's removal from his Special Agent position with the Federal Bureau of Investigation based on five charges of misconduct. *Shaffer v. Department of Justice*, MSPB Docket No. DA-0752-15-0466-I-2, Appeal File (I-2 AF), Tab 17, Initial Decision (ID) at 4-13. The administrative judge also found that the appellant failed to prove that the agency committed harmful error, ID at 14-17, and that the action promoted the efficiency of the service and the penalty was within the bounds of reasonableness, ID at 17-23. The appellant has filed a petition for review in which argues that the administrative judge erred by finding that he did not prove his claim of harmful error. *Shaffer v. Department of Justice*, MSPB Docket No. DA-0752-15-0466-I-2, Petition for Review (PFR) File, Tab 1. The agency responds in opposition to the petition for review. PFR File, Tab 3.

¶3    In the notice of removal, the agency informed the appellant that he had a right to raise an internal appeal with the agency's Disciplinary Review Board (DRB). *Shaffer v. Department of Justice*, MSPB Docket No. DA-0752-15-0466-I-1, Initial Appeal File, Tab 10, Subtab 4b at 25. He invoked his right to DRB review, but, while his appeal was pending, the agency issued a final decision revoking his security clearance. I-2 AF, Tab 15 at 20. Based on the revocation of

the appellant's security clearance, the DRB "administratively closed" his appeal without reaching a decision. *Id.* at 9.

¶4      On review, the appellant reiterates his argument that closing his DRB appeal without reaching a decision constituted harmful error. PFR File, Tab 1 at 6-10; I-2 AF, Tab 14 at 6-10. To prove an affirmative defense of harmful error, the appellant must show that an error occurred and that the error was harmful. *Rogers v. Department of Defense*, 122 M.S.P.R. 671, ¶ 7 (2015); *Parker v. Defense Logistics Agency*, 1 M.S.P.R. 505, 513 (1980). Harmful error occurs when "[e]rror by the agency in the application of its procedures . . . likely . . . caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error." 5 C.F.R. § 1201.4(r). We cannot determine on this record whether the agency committed a procedural error. Neither party has submitted a copy of the rules or regulations governing the agency's DRB, and so it is impossible to know whether the agency's decision to close the appellant's DRB appeal violated the rules of the DRB program or was, in fact, consistent with those rules. Because there is no evidence establishing what procedure the agency allegedly violated, we find that the appellant failed to show that the agency committed procedural error. Therefore, the administrative judge correctly found that the appellant failed to prove his affirmative defense of harmful error.

¶5      The appellant also makes a bare allegation on review that the removal was "not in accordance with law." PFR File, Tab 1 at 6; I-2 AF, Tab 14 at 6. An agency action is unlawful in its entirety and therefore "not in accordance with law" under 5 U.S.C. § 7701(c)(2)(C) if there is no legal authority for the action. *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 683-84 (1991). The administrative judge correctly found that the appellant failed to establish that the dismissal of his DRB appeal violated a law, rule, or regulation and, therefore, failed to prove that the action was not in accordance with law. ID at 17 n.9. The

appellant's bare allegation on review is insufficient to disturb the administrative judge's finding.

¶6    The initial decision is affirmed.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for

                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.